UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES LINDSEY HOWZE,

          Petitioner,

v.                           Case No. 3:15-cv-938-J-39PDB

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

          Respondents.

_____

**ORDER**

**I. INTRODUCTION**

Petitioner James Lindsey Howze challenges a 2011 Suwannee County conviction for three counts of first degree murder (counts 2, 3 & 4), three counts of home invasion robbery (counts 5, 6, 7), and three counts of kidnaping (counts 8, 9, & 10). See Petition (Doc. 1). Petitioner raises six claims for habeas relief, including a claim of ineffective assistance of trial counsel. This Court must be mindful that in order to prevail on this Sixth Amendment claim, Petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different).

Respondents filed an Answer in Response to Order to Show Cause and Petition for Writ of Habeas Corpus (Response) (Doc. 21). In support of their Response, they submitted Exhibits (Doc. 21).[1] Petitioner filed a Reply to Respondents' Answer in Response to Order to Show Cause and Petition for Writ of Habeas Corpus (Reply) (Doc. 22). See Order (Doc. 8).

## II. CLAIMS OF PETITION

Petitioner raises six grounds in his Petition: (1) the ineffective assistance of trial counsel for waiving Petitioner's right to a speedy trial; (2) a violation of double jeopardy principles, claiming the three home invasion robbery offenses occurred in a single dwelling, occupied by three people; (3) a violation of due process rights, claiming the First District Court of Appeal (1st DCA) affirmed the trial court's decision denying Petitioner's Rule 3.850 motion for post conviction relief upon reviewing an incomplete transcript of the December 14, 2010 motion hearing; (4) a violation of due process and equal protection of the law, claiming the 1st DCA erred in interpreting state law; (5) a denial of constitutional rights, claiming the 1st DCA erred in

---

[1] The Court hereinafter refers to the exhibits contained in the Exhibits for Response to Petition for Writ of Habeas Corpus as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit. Otherwise, the page number on the particular document will be referenced. The Court will reference the page numbers assigned by the electronic docketing system where applicable.

denying the petition for belated appeal and failing to appoint counsel during the proceeding; and (6) a violation of the Double Jeopardy Clause, the Eighth Amendment, the Due Process and Equal Protection Clauses, and contract law, resulting in a plea bargain that is illegal and void.

Respondents urge this Court to deny the Petition. Response at 20. The Court will address Petitioner's six grounds, See Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992), but no evidentiary proceedings are required in this Court.

### III. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal petition for habeas corpus. See 28 U.S.C. § 2254; Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S.Ct. 1432 (2017). "AEDPA limits the scope of federal habeas review of state court judgments[.]" Pittman v. Sec'y, Fla. Dep't of Corr., 871 F.3d 1231, 1243 (11th Cir. 2017). As such, AEDPA ensures that federal habeas relief is limited to extreme malfunctions, and not used as a means to attempt to correct state court errors. Ledford, 818 F.3d at 642 (quoting Greene v. Fisher, 132 S.Ct. 38, 43 (2011)).

The Eleventh Circuit recently outlined the parameters of review:

> Thus, under AEDPA, a person in custody
> pursuant to the judgment of a state court

shall not be granted habeas relief on a claim "that was adjudicated on the merits in State court proceedings" unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or ... was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "For § 2254(d), clearly established federal law includes only the holdings of the Supreme Court—not Supreme Court dicta, nor the opinions of this Court." <u>Taylor v. Sec'y, Fla. Dep't of Corr.</u>, 760 F.3d 1284, 1293-94 (11th Cir. 2014).

As for the "contrary to" clause, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." <u>Terry Williams v. Taylor</u>, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Under the "unreasonable application" clause, a federal habeas court may "grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts." <u>Id</u>. at 413, 120 S.Ct. 1495. "In other words, a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" <u>Wiggins v. Smith</u>, 539 U.S. 510, 520, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (quoting <u>Lockyer v. Andrade</u>, 538 U.S. 63, 76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)). And "an 'unreasonable application of' [Supreme Court] holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice." <u>Woods v. Donald</u>, --- U.S. ----, 135 S.Ct. 1372, 1376, 191 L.Ed.2d 464 (2015) (per curiam) (quotation omitted). To overcome this substantial hurdle, "a state prisoner must show that the state

court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>Harrington v. Richter</u>, 562 U.S. 86, 103, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011). This is "meant to be" a difficult standard to meet. <u>Id</u>. at 102, 131 S.Ct. 770.

<u>Pittman</u>, 871 F.3d at 1243-44.

There is a presumption of correctness of state court's factual findings, unless the presumption is rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The standard of proof is demanding, requiring that a claim be highly probable. <u>Bishop v. Warden, GDCP</u>, 726 F.3d 1243, 1258 (11th Cir. 2013), <u>cert</u>. <u>denied</u>, 135 S.Ct. 67 (2014). Also, the trial court's determination will not be superseded if reasonable minds might disagree about the factual finding. <u>Brumfield v. Cain</u>, 135 S.Ct. 2269, 2277 (2015). Also of note, "[t]his presumption of correctness applies equally to factual determinations made by the state trial and appellate courts." <u>Pope v. Sec'y for Dep't of Corr.</u>, 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting <u>Bui v. Haley</u>, 321 F.3d 1304, 1312 (11th Cir. 2003)), <u>cert</u>. <u>denied</u>, 568 U.S. 1233 (2013).

In applying AEDPA deference, the first step is to identify the last state court decision that evaluated the claim on its merits. <u>Marshall v. Sec'y, Fla. Dep't of Corr.</u>, 828 F.3d 1277, 1285 (11th

Cir. 2016).[2] Once identified, the Court reviews the state court's decision, "not necessarily its rationale." Pittman, 871 F.3d at 1244 (quoting Parker v. Sec'y for Dep't of Corr., 331 F.3d 764, 785 (11th Cir. 2003) (citation omitted)).

Regardless of whether the last state court provided a reasoned opinion, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington v. Richter, 562 U.S. 86, 99 (2011); see also Johnson v. Williams, 133 S.Ct. 1088, 1096 (2013). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Richter, 562 U.S. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

Where the last adjudication on the merits is unaccompanied by an explanation, the petitioner must demonstrate there was no reasonable basis for the state court to deny relief. Id. at 98. "[A] habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded

---

[2] As suggested by the Eleventh Circuit in Butts v. GDCP Warden, 850 F.3d 1201, 1204 (11th Cir. 2017), petition for cert. filed, (U.S. Sept. 29, 2017) (No. 17-512), in order to avoid any complications if the United States Supreme Court decides to overturn Eleventh Circuit precedent as pronounced in Wilson v. Warden, Ga. Diagnostic Prison, 834 F.3d 1227 (11th Cir. 2016) (en banc), cert. granted, 137 S.Ct. 1203 (2017), this Court, will employ "the more state-trial-court focused approach in applying § 2254(d)[,]" where applicable.

jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the] Court." Richter, 562 U.S. at 102; Marshall, 828 F.3d at 1285.

Although the § 2254(d) standard is difficult to meet, it was meant to be difficult. Indeed, in order to obtain habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

## IV. PROCEDURAL HISTORY

Respondents provide a brief procedural history in their Response, Response at 1-2, and relevant Exhibits (Doc. 21).

## V. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Ground One

In ground one, Petitioner raises a claim of ineffective assistance of trial counsel for waiving Petitioner's right to a speedy trial. Petition at 23-27. Respondents contend that this claim is precluded and is without merit because defense counsel's decision to waive speedy trial rights and gain additional preparation time is one within counsel's control. Response at 6.

The record shows the following. Defense counsel, David Collins, concluded that the defense needed more time to prepare for trial and asked for a continuance "so that we can have proper time to thoroughly prepare the defense and make sure that I don't impede

Mr. [Baya] Harrison (defense counsel) from doing what he feels is necessary to protect Mr. Howze in a penalty phase if this becomes necessary." Ex. A at 115. Mr. Collins explained that Mr. Harrison was actively seeking a psychologist or psychiatrist to conduct an evaluation of Petitioner. Id. Also of note, the state informed the court that the case involves witnesses from another state, and depositions had not yet been taken of these witnesses. Id. at 116. Of further import, the state noted that it was seeking the death penalty. Id. The state did not object to the request for a continuance, noting that the defense was not ready to proceed as there were important questions of competency at the time of the offense and to stand trial, and the outstanding question of mitigating psychological factors. Id. The court granted the motion for continuance, finding it was warranted under the circumstances presented.[3] Id.

In addressing the Rule 3.850 motion, the circuit court acknowledged that Petitioner was attempting to raise an appellate argument couched in the language of ineffective assistance of counsel, nevertheless, the court went on to address the merits of the claim of ineffective assistance of counsel. Ex. A at 77. The court, upon reviewing Petitioner's claim of ineffective assistance

---

[3] The time that elapsed between the arrest on September 11, 2010, Ex. A, Docket at 4, and the plea proceeding on October 24, 2011 (408 days), Ex. A at 118, was not extraordinary under the circumstances presented, and there were significant reasons presented by counsel justifying the delay in a death penalty case.

of counsel for waiving Petitioner's speedy trial rights, concluded that neither prong of the <u>Strickland</u> test had been met.  Ex. A at 77, 79.  The court found no deficient performance or prejudice.  Ex. A at 78-79.  To the extent Petitioner claimed the continuance gave the state time to seek habitual offender status, the court rejected this contention, noting that habitual offender status was determined by statute and Petitioner's prior record, and had nothing to do with any delay in the trial.  <u>Id</u>. at 79.  Furthermore, the court found no prejudice at sentencing, because Petitioner entered into a negotiated plea agreement with a fixed sentence in order to avoid the death penalty.  <u>Id</u>.

The record shows that the 1st DCA affirmed per curiam.  Ex. C.  The Court presumes that the 1st DCA adjudicated the claim on its merits, as there is an absence of any indication or state-law procedural principles to the contrary.  <u>See</u> <u>Richter</u>, 562 U.S. at 99 (citing <u>Harris v. Reed</u>, 489 U.S. 255, 265 (1989) and its presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis).  Also of note, the last adjudication on the merits is unaccompanied by an explanation.  Thus, it is Petitioner's burden to show there was no reasonable basis for the state court to deny relief.  He has not accomplished that task.

Upon review, counsel's performance was not deficient in requesting the continuance because it was reasonable to wait until the trial preparation was complete and counsel was prepared for the

death penalty phase, if necessary.  If there is any reasonable basis for the court to deny relief, the denial must be given deference.  Here, deference under AEDPA should be given to the 1st DCA's adjudication.  Petitioner has failed to show that the state court's ruling on the claim raised in ground one was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.  The 1st DCA's decision is not inconsistent with Supreme Court precedent, including <u>Stickland</u> and its progeny.  The state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts.  Thus, ground one is due to be denied.

To the extent Petitioner is claiming a violation of state speedy trial law, his claim is due to be denied as it fails to state a claim of constitutional dimension.  Importantly, this type of claim is not reviewable in a federal habeas action.  <u>See</u> <u>Sneed v. Fla. Dep't of Corr.</u>, 496 F. App'x 20, 25 (11th Cir. 2012) (per curiam) (finding that "[t]o the extent that [the petitioner] alleged a violation of Florida's speedy trial rules, that type of claim is not cognizable on federal habeas review because it only involves state procedural rules rather than errors of federal constitutional dimension"), <u>cert</u>. <u>denied</u>, 134 S.Ct. 391 (2013).  It is clear that a violation of Florida's speedy trial statutory provisions "is merely a violation of a state procedural rule" that fails to "establish a denial of [a] constitutional right to a

speedy trial," so it is not reviewable in this habeas proceeding.

<u>Davis v. Wainwright</u>, 547 F.2d 261, 264 (5th Cir. 1977).[4]

Even if a speedy trial claim was properly before this Court, this Court previously found:

> A defendant's request for a continuance waives his right to a speedy trial. <u>Randall v. State</u>, 938 So.2d 542, 544 (Fla. 1st DCA 2006) (per curiam). "This waiver applies even in situations in which the attorney requests the continuance without consulting the defendant or against the defendant's wishes." <u>Id</u>. (citations omitted). As a result, there is no violation of a constitutional right to a speedy trial where defense counsel seeks a continuance against his client's wishes or over his client's objections. <u>Charles v. McDonnough</u>, No. 407cv260–SPM/WCS, 2010 WL 780200, at *16 (N.D. Fla. Feb.26, 2010) (Not Reported in F.Supp.2d).

<u>Williams v. Secretary, DOC</u>, No. 3:12–cv–1296-J-39MCR, 2015 WL 4042032, at *16 (M.D. Fla. July 1, 2015).

Petitioner is not entitled to habeas relief on ground one, and ground one is due to be denied.

## B. Ground Two

In his second ground, Petitioner raises the following claim: a violation of double jeopardy principles, claiming the three home invasion robbery offenses occurred in a single dwelling, occupied by three people. Petition at 28-29. Respondents contend that this

---

[4] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

ground is without merit, having been waived pursuant to the negotiated plea agreement with the state.

At this juncture, Petitioner may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Upon review, Petitioner signed a negotiated plea form, which included offering his plea of guilty to the three home invasion robbery offenses. Ex. A at 91-92. The circuit court accepted his plea. Id. at 118-33. Thus, "the double jeopardy challenge is foreclosed by the guilty pleas and the judgments of conviction." United States v. Broce, 488 U.S. 563, 565 (1989).

Petitioner pled guilty to indictments that on their face described three home invasion robbery offenses against three victims. Ex. A at 89-90. Petitioner had the opportunity to contradict those indictments, but the opportunity was foreclosed once he made his admissions when entering his guilty pleas. United States v. Broce, 488 U.S. at 766.

This District Court previously addressed the double jeopardy issue,

> Where a defendant pleads guilty pursuant to a negotiated plea agreement, he waives the right to raise a double jeopardy claim in a petition for habeas corpus relief. See Dermota v. United States, 895 F.2d 1324 (11th Cir. 1990) (holding that because "a plea of guilty and the ensuing conviction foreclose collateral attack," the defendant was precluded from raising a double jeopardy claim in his habeas petition). Similarly, under Florida law, negotiated pleas constitute a

> waiver of constitutional claims. <u>See</u> <u>Novaton</u>
> <u>v. State</u>, 634 So.2d 607 (Fla. 1994) (holding
> that a bargained-for plea waives the right to
> attack multiple convictions on double jeopardy
> grounds). Because [the petitioner] pleaded
> guilty to [the] offenses pursuant to a
> negotiated plea agreement, he is foreclosed
> from arguing that his [convictions violate]
> principles of double jeopardy.

<u>Taylor v. Sec'y, Fla. Dep't of Corr.</u>, No. 8:13-CV-0321-CEH-EAJ,
2015 WL 1942772, at *2 (M.D. Fla. Apr. 29, 2015) (not reported in
F.Supp.3d) (footnote omitted).

Petitioner raised a double jeopardy claim in his state Motion
to Correct Illegal Sentence pursuant to Rule 3.800(a), Fla. R.
Crim. P. Ex. N at 1-56. The circuit court denied the motion,
finding Petitioner waived his double jeopardy claim by entering
into a negotiated plea agreement with the state. <u>Id</u>. at 57. As
such, the court found he was not entitled to any relief. <u>Id</u>. at
58. The 1st DCA affirmed per curiam. Ex. P.

In this instance, there is a qualifying state court decision
and AEDPA deference is warranted. The adjudication of the state
court resulted in a decision that involved a reasonable application
of clearly established federal law, as determined by the United
States Supreme Court. Therefore, Petitioner is not entitled to
habeas relief on ground two because the state court's decision was
not contrary to clearly established federal law, did not involve an
unreasonable application of clearly established federal law, and
was not based on an unreasonable determination of the facts.

Alternatively, Petitioner's double jeopardy challenge is foreclosed by his guilty pleas and conviction. Thus, ground two is due to be denied.

## C. Grounds Three and Four

In ground three, Petitioner raises the following claim: the 1st DCA violated Petitioner's due process rights by per curiam affirming the trial court's decision denying Petitioner's Rule 3.850 motion for post conviction relief based upon a review of an incomplete transcript of the December 14, 2010 motion hearing. Petition at 29-32. In ground four, Petitioner claims the 1st DCA erred in interpreting state law, denying Petitioner due process and equal protection of the law. Petition at 32-33.

Upon review of grounds three and four, the Court concludes that these grounds do not present issues that are cognizable in this habeas proceeding; therefore, these grounds cannot provide a basis for federal habeas corpus relief. There is simply no breach of a federal constitution mandate. Therefore, the claims raised in grounds three and four are due to be denied.

The purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States. See Coleman v. Thompson, 501 U.S. 722 (1991). Since these grounds present state law claims complaining about the decision of the 1st DCA in affirming the denial of post conviction relief, Petitioner is not entitled to federal habeas corpus relief

as there has been no breach of a federal constitutional mandate.

Although Petitioner tries to couch his claim in terms of equal protection and due process of the law, "[t]his limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting Willeford v. Estelle, 538 F.2d 1194, 1198 (5th Cir. 1976)). Petitioner's assertion of errors made by the 1st DCA do not infringe upon federally protected rights; therefore, there is no basis for federal habeas relief.[5] Carrizales v. Wainwright, 699 F.2d 1053, 1054-55 (11th Cir. 1983) (per curiam).

Based on the above, Petitioner is not entitled to habeas relief on grounds three and four of the Petition. Therefore, grounds three and four are due to be denied.

### D. Ground Five

In ground five, Petitioner raises a claim that the 1st DCA denied Petitioner his constitutional rights by denying the petition for belated appeal and failing to appoint counsel during the proceeding. Petition at 33-36. Respondents assert that this claim is without merit, and Petitioner is not entitled to counsel during a state collateral proceeding. Response at 18.

---

[5] Of importance, the 1st DCA apparently had before it a complete copy of the December 14, 2010 hearing transcript, as evidenced by the court reporter's certification that the transcript of the proceeding is a true and complete transcript of the court reporter's stenographic notes. See Ex. A at 75, 113, 114-17.

This ground is due to be denied as Petitioner alleges a defect in the state collateral proceeding process. The Eleventh Circuit has found: "defects in state collateral proceedings do not provide a basis for habeas relief." Carroll v. Sec'y, DOC, 574 F.3d 1354, 1365 (11th Cir.) (citations omitted), cert. denied, 558 U.S. 995 (2009). As such, ground five does not present a claim of constitutional dimension. Alston v. Dep't of Corr., Fla., 610 F.3d 1318, 1325-26 (11th Cir.) (recognizing that challenges to a collateral proceeding do not undermine the legality of the conviction itself; therefore, habeas relief is inappropriate), cert. denied, 562 U.S. 1113 (2010). Accordingly, Petitioner is not entitled to habeas relief on ground five.

To the extent Petitioner is claiming a denial of due process of law by being denied appointed counsel for the petition for belated appeal proceeding, Petitioner has not raised a claim of constitutional dimension. Although this claim may be couched in terms of denial of due process of law, this is actually a state law claim of court error. The writ of habeas corpus under 28 U.S.C. § 2254 "was not enacted to enforce State-created rights." Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000) (citing Branan v. Booth, 861 F.2d at 1508), cert. denied, 531 U.S. 1170 (2001). The Eleventh Circuit allows that only in cases of federal constitutional error will a federal writ of habeas corpus be available. See Jones v. Goodwin, 982 F.2d 464, 471 (11th Cir. 1993); Krasnow v. Navarro, 909 F.2d 451, 452 (11th Cir. 1990).

Alternatively, Petitioner received all the process to which he was entitled. Petitioner filed a petition for belated appeal. Ex. G. After conducting an evidentiary hearing, a special master issued a report and recommendation. Ex. I. Of note, the special master made the factual finding that at no time did Petitioner request that his counsel file a notice of appeal.[6] Ex. I at 6. The court also found the testimony of the two very experienced attorneys to be credible, trustworthy, and reliable. Id. Finally, the court found Petitioner was not entitled to a belated appeal and recommended denial of the petition for belated appeal. Id. After being given notice and an opportunity to respond, Petitioner filed a response to the report and recommendation. Ex. J. On May 13, 2014, the 1st DCA denied the petition for belated appeal on its merits. Ex. K. On June 12, 2014, the 1st DCA denied rehearing. Ex. M.

The 1st DCA denied the petition for belated appeal on its merits, and this denial is due AEDPA deference. Petitioner has failed to show that the state court's ruling on the claim was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. The state court's adjudication of this claim is not contrary to or an unreasonable application of clearly

_____

[6] The special master's factual findings are due deference. Petitioner has not rebutted the presumption of correctness by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

established Federal law, or based on an unreasonable determination of the facts. Thus, ground five is due to be denied.

### E. Ground Six

In his sixth ground, Petitioner raises the following claim: a violation of the Double Jeopardy Clause, the Eighth Amendment, the Due Process and Equal Protection Clauses, and contract law, resulting in a plea bargain that is illegal and void. Petition at 37. In support of the ground, Petitioner complains that he should not have been hailed into court to face three separate charges of home invasion robbery for the single entry of a dwelling with three occupants. Id. Liberally construing the pro se Petition, Petitioner is simply rehashing his double jeopardy claim raised in ground two of the Petition. It will not be re-addressed here as that claim was fully addressed under ground two and deemed to be waived by the negotiated guilty plea to the home invasion robbery offenses.

Petitioner's claim of being subjected to cruel and unusual punishment in violation of the Eighth Amendment is wholly unsupported in the Petition. His claim of violation of contract law is also unsupported in the Petition. Finally, Petitioner has not demonstrated a due process violation or an equal protection violation.

Petitioner entered into a negotiated plea, Ex. A at 91-92, and received the benefit of the bargain, avoiding facing the death

penalty.  Id. at 118-33, 76-88; Ex. I, Evidentiary Hearing Transcript at 8 (the negotiation took place after jury selection started, and the defense was able to negotiate with the state to obtain a life sentence rather than proceed to trial with Petitioner facing the death penalty).  Petitioner told the court that his mind was at rest to take the plea.  Ex. A at 121.  He said he understood what he was doing.  Id. at 122.  He expressed his view that the plea was in his best interest.  Id.  Petitioner said he did not need more time to discuss the plea with his attorneys, and he did not feel like he had been forced or pressured into entering the plea.  Id. at 123.  The court found a factual basis for the plea, and accepted the plea.  Id. at 128.

In hindsight, Petitioner may regret that he accepted the plea offer, but the state has not breached the terms of the plea agreement.  Petitioner received the sentence for which he bargained for in the negotiated plea (three consecutive life sentences without the possibility of parole, to be followed by 180 years in prison).  Ex. A at 91-92, 94-112, 119, 132.

In conclusion, Petitioner is not entitled to habeas relief under ground six, and ground six is due to be denied.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.  The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2.     The **Clerk of the Court** shall enter judgment accordingly and close this case.

3.     If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**.[7]  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of November, 2017.

_____
BRIAN J. DAVIS
United States District Judge

sa 11/9
c:
James Lindsey Howze
Counsel of Record

_____

[7] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Upon due consideration, this Court will deny a certificate of appealability.